(June 27, 1910.)

STATE, Respondent, v. WILLIAM FULLER, Appellant.

[109 Pac. 257.]

EVIDENCE—SUFFICIENCY OF—ADMISSION OF TESTIMONY—STRIKING OUT TESTIMONY.

(Syllabus by the court.)

1. *Held*, that the evidence is sufficient to sustain the verdict.

2. *Held*, that the court did not err in the admission of certain evidence.

3. *Held*, that the court did not err in refusing to strike out certain evidence.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Defendant was tried and convicted for the crime of grand larceny, which crime consisted of the stealing of a certain mare. *Judgment affirmed.*

D. E. Brinck, and K. I. Perky, for Appellant.

Under the circumstances bearing upon and surrounding this case the probability or improbability, the reasonableness or absurdity of what is represented to have been the conduct of appellant is of controlling importance in determining the

sufficiency of the evidence to justify the verdict.   (*Knowles v. Knowles,* 86 Ill. 1, 8; *Gardner v. Weston,* 18 Iowa, 533, 535.)

D. C. McDougall, Attorney General, O. M. Van Duyn, and J. H. Peterson, Assistants to Attorney General, and F. A. Hagelin, for Respondent, cite no authorities.

SULLIVAN, C. J.—The defendant was convicted of the crime of grand larceny and sentenced to imprisonment in the state penitentiary for twelve years.   A motion for a new trial was made and denied.   The appeal is from the judgment and order denying a new trial.

The errors assigned go to the sufficiency of the evidence to sustain the verdict and the admission of certain evidence over the objection of counsel for defendant, and the refusal to strike out certain evidence on motion of defendant.

As to the assignment of error in regard to the sufficiency of the evidence, we find upon a careful examination of the evidence that it is amply sufficient to sustain the verdict. Upon the other errors assigned, we find no error in the admission of the testimony referred to in said assignments, and no error in the refusal of the court to strike out certain of the evidence on the motion of counsel for the defendant.

The judgment must therefore be affirmed, and it is so ordered.

Ailshie, J., concurs.